DLD-036                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3545
_____

LEONARDO HARDWICK,
                                        Appellant

v.

R. PACKER; J.E. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 12-cv-01936)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2013

Before: SMITH, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 13, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Leonardo Hardwick appeals <u>in</u> <u>forma</u> <u>pauperis</u> from an order of the District

Court granting summary judgment to the defendants.  For the following reasons, we will

summarily affirm.

Hardwick, a federal prisoner formerly incarcerated at the United States Penitentiary – Lewisburg, filed a civil rights action in the United States District Court for the Middle District of Pennsylvania against Correctional Officer R. Packer and Warden J.E. Thomas, alleging the use of excessive force in violation of the Eighth Amendment, and retaliation in violation of the First Amendment. Hardwick alleged that, on April 9, 2012, Packer and other correctional officers, while escorting him to G-Block, assaulted him in the shower area where there are no cameras. He alleged that, while handcuffed from behind, they pushed his face into a shower cage and he lost consciousness. They then proceeded to stomp and kick him. He regained consciousness and urinated on himself from the impact of the blows. After the assault, he remained under Officer Packer's supervision. When he began to pursue his administrative remedies against Officer Packer within the prison grievance system, Packer retaliated against him by threatening him every day and "doing things to his food." Hardwick alleged that Warden Thomas knew about the retaliation but did nothing to ensure his safety. Hardwick sought money damages in excess of $1,000,000.

The defendants moved for summary judgment in part, Fed. R. Civ. Pro. 56(a), and, to dismiss the complaint in part, Fed. R. Civ. Pro. 12(b)(6), and, in support, they submitted a statement of facts and numerous exhibits, including Hardwick's medical records, records from his misconduct hearing, and information pertaining to the grievances and/or complaints that he filed against Officer Packer. In the main, Officer Packer argued that his use of force in getting Hardwick to the ground was appropriate to the circumstances in that Hardwick had threatened him, spit in his face, and tried to pull away from him. The items offered in support of the summary judgment motion established that, immediately following the assault, Hardwick was

2

taken to the infirmary for treatment of a bleeding, one-inch laceration to his eyebrow, which was closed with Dermabond. In addition, the items established that Officer Packer wrote an incident report charging Hardwick with the prohibited acts of threatening another with bodily harm in violation of code 203 and assault in violation of code 224. The Disciplinary Hearing Officer conducted a hearing on June 4, 2012, after which Hardwick was found guilty of the prohibited acts, which specifically included threatening Officer Packer, spitting in his face, and attempting to pull away from him.[1] The hearing report stated that Hardwick had admitted committing the prohibited acts. The items submitted with the summary judgment motion also showed that the Bureau of Prisons conducted an investigation into the incident to determine whether the force used was appropriate and in proportion to Hardwick's actions. Officer Packer was exonerated of any wrongdoing. The Office of Internal Affairs, after receiving Hardwick's complaint, also concluded that the charge of excessive force was not sustained. Last, the items showed that Hardwick also filed a grievance relating to his retaliation claim against Officer Packer, in which he claimed that Packer smiled at him "vindictively," and delayed giving him his mail by about 3½ hours.

Hardwick submitted written opposition to the defendants' motion for summary judgment, in which he offered additional argument in support of his having completely exhausted his administrative remedies, repeated his original allegations, and denied that he ever admitted at his disciplinary hearing that he spat in Packer's face and tried to get away from him.

---

[1] Hardwick was found to have said, "when I slip these cuffs we'll find out who the real man is."

When the summary judgment motion was fully briefed, the Magistrate Judge filed a Report and Recommendation, in which he recommended that summary judgment be awarded to the defendants on Hardwick's excessive force claim, and that the complaint be dismissed in all other respects. In an order entered on August 6, 2013, the District Court adopted the Report and Recommendation and granted the defendants' motion. Hardwick filed a post-judgment motion to amend his complaint, which the District Court denied. Hardwick then appealed the District Court's August 6, 2013 order dismissing his complaint and awarding summary judgment to the defendants.

Our Clerk granted Hardwick leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing. He has done so, and we have reviewed his submission.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. Summary judgment is proper where the summary judgment record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In addition, we are required to view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in his favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). But,

4

"[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

We conclude that summary judgment was proper on Hardwick's excessive force claim because there was an insufficient evidentiary basis on which a rational jury could find in his favor. In assessing a prisoner's claim that excessive force was used, we focus on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). We consider several factors in applying this test, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The defendants met their initial burden of identifying evidence that showed the absence of a genuine issue of material fact with respect to whether the force used against Hardwick was necessary and reasonable under the circumstances. Hardwick was charged with threatening Officer Packer and adjudicated guilty. The Office of Internal Affairs Report, which the Magistrate Judge reviewed *in camera*, indicated that there was a correctional officer who witnessed Hardwick's misconduct. These items establish a need for the use of force in that there was a threat to the safety of staff and other inmates. Hardwick's medical records showed a cut to his eyebrow that was treated successfully. The extent of the injury appears consistent

5

with the assertion that Hardwick was forced to the ground and does not indicate the use of excessive force. In sum, the defendants met their burden to show that Hardwick's misconduct gave rise to Packer's use of force, and that the force used to bring Hardwick under control was both necessary and not excessive.

In responding to the defendants' motion for summary judgment, Hardwick did not come forward with rebuttal evidence to show that the force applied by Packer was not applied in a good faith effort to maintain or restore discipline, or was applied maliciously and sadistically to cause harm. See Hudson, 503 U.S. 1, 6-7; Brooks, 204 F.3d at 106. See also Fed. R. Civ. Pro. 56(c)(1)(A)-(B) ("A party asserting that a fact … is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence … of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). Although in opposing summary judgment Hardwick denied that he threatened Packer and spit in his face, he did not address the disciplinary hearing report's statement that he admitted committing the prohibited acts at his disciplinary hearing. Hardwick may not defeat the defendants' properly supported motion for summary judgment by offering only conclusory allegations or denials.

Hardwick's claim of retaliation fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. Pro. 12(b)(6). A prisoner alleging retaliation in violation of the First Amendment must show (1) that he

6

engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) that there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The adverse action must be sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (citing Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Hardwick's allegations that Packer did unspecified things to his food, delivered his mail a few hours late, and smiled at him vindictively are insufficient to show that an adverse action of constitutional significance was taken against him in response to his having filed grievances against Packer. He also did not allege that he was deterred from filing those grievances.

With respect to Warden Thomas, liability in a civil rights action cannot be imposed on a supervisor on the basis of respondeat superior. Personal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Hardwick failed to allege that Warden Thomas had any personal involvement in the alleged constitutional violations or that he acquiesced in them. To the extent that Hardwick alleged that Packer and Warden Thomas conspired together to violate his First Amendment rights, to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). See also Great Western Mining & Mineral Co., v. Fox Rothschild, LLP, 615 F.3d 159, 176 (3d Cir. 2010). Hardwick failed to assert facts

7

from which a conspiratorial agreement between Officer Packer and Warden Thomas could be inferred, and thus his conspiracy allegations fail to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570; Fed. R. Civ. Pro. 12(b)(6).

For the foregoing reasons, we will summarily affirm the order of the District Court granting summary judgment to the defendants and otherwise dismissing Hardwick's complaint.